**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **M.A., A.A.-1, and A.A.-2**

**No. 17-0377** (Randolph County 2016-JA-069, 2016-JA-070, & 2016-JA-071)

**MEMORANDUM DECISION**

Petitioner Father J.A., by counsel G. Phillip Davis, appeals the Circuit Court of Randolph County's March 27, 2017, order terminating his parental rights to M.A and A.A.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating him upon insufficient evidence and admitting certain medical records into evidence.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2016, the DHHR filed an abuse and neglect petition against the parents that alleged they drank alcohol with A.A.-1, then sixteen years old, and one of her underage friends. The petition further alleged that the parents played a game with the children while drinking that included "sexual truth or dare." According to the petition, this game resulted in A.A.-1 and her friend engaging in various sexual dares wherein the parents urged the children to wrestle each other's clothing off, kiss, and perform oral sex on one another. The petition further alleged that

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Further, because two parties to this proceeding share the same initials, we will refer to them as A.A.-1 and A.A.-2 throughout this memorandum decision. Finally, the record shows that A.A.-1 reached the age of majority during the proceedings below and was, accordingly, dismissed from the proceedings. Insomuch as petitioner bases part of his argument in support of his assignments of error upon findings regarding this child, she is relevant to this appeal and referenced herein.

[2]On appeal, petitioner does not raise a specific assignment of error regarding the circuit court's termination of parental rights.

the parents failed to obtain appropriate medical treatment for A.A.-2, who was born with a cleft palate that resulted in hindered speech and development. Further, the DHHR alleged that the parents were eventually incarcerated on related criminal charges and, therefore, abandoned their children. The DHHR later filed an amended petition that included additional allegations, such as drug use in the home; more specific sexual abuse disclosures from A.A.-1; more specific information regarding A.A.-2's medical condition; and the allegation that petitioner was a registered sex offender.

In December of 2016, the circuit court held an adjudicatory hearing, during which it heard testimony from multiple individuals to whom A.A.-1 had disclosed the sexual abuse in question. The witnesses all testified that A.A.-1 consistently disclosed the details of the abuse, including her repeated statement that the parents provided alcohol for her and her underage friend to drink while they played a game with sexual overtones. However, A.A.-1 testified at the hearing that she lied about the abuse because petitioner would not allow her boyfriend to stay overnight with her. Contrary to her testimony, the circuit court heard other evidence that A.A.-1 fabricated her recantation, including A.A.-1's admission that approximately two weeks before the hearing, she texted the same underage friend who engaged in the actions giving rise to the petition and told her that she recanted her testimony so that her siblings would be allowed to go home. The circuit court also heard testimony from the friend wherein she stated that A.A.-1 asked her to lie about the abuse and say it did not happen. A.A.-1's friend also testified about the abuse consistent with her statement to law enforcement. Neither parent testified at the adjudicatory hearing or otherwise presented any evidence. The circuit court ultimately adjudicated petitioner as an abusing parent, based on having provided A.A.-1 and her friend alcohol and engaging in a sexual game with the children.[3] The circuit court also found evidence of medical neglect sufficient to adjudicate the parents.

In January of 2017, the circuit court held a dispositional hearing, during which petitioner requested an improvement period. The circuit court denied this motion on a finding that he failed to establish that he was likely to fully participate in an improvement period. The circuit court also found that petitioner failed to acknowledge the abuse and terminated his parental rights to the children.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

---

[3]The circuit court actually adjudicated petitioner as an "abusing and neglecting parent." However, West Virginia Code § 49-1-201 defines "abusing parent" as " a parent . . . whose conduct has been adjudicated by the court to constitute child abuse or neglect as alleged in the petition charging child abuse or neglect." Because the statutory definition of "abusing parent' encompasses a parent who has been adjudicated of abuse or neglect, we will use the correct statutory term throughout this memorandum decision.

[4]The parents' parental rights to M.A. and A.A.-2 were terminated below. According to the record, A.A.-1 reached the age of majority during the proceedings and was subsequently dismissed. According to the parties, M.A. and A.A.-2 are currently placed together in a foster home with a permanency plan of adoption in that home.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in adjudicating him as an abusing parent. In support of this assignment of error, petitioner argues that the evidence was insufficient to support his adjudication, due to the fact that A.A.-1 testified that she fabricated the abuse in question because petitioner would not allow her boyfriend to spend the night in the home. We do not find this argument persuasive. In addressing the burden of proof at adjudication, we have held as follows:

"W.Va.Code [§] 49-6-2(c) [now West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (citations omitted). Here, the record is clear that the DHHR met its burden. While petitioner makes much of A.A.-1's recantation, he fails to acknowledge the additional evidence that called her credibility into question. This included evidence of several text messages to her friend that indicated A.A.-1 was lying about her recantation in order to protect her siblings. The evidence also established that A.A.-1 asked her friend to lie about the abuse, which the friend refused to do. In fact, petitioner acknowledges that A.A.-1's friend "testified that alcohol was served" on the night in question. The record further shows that the friend testified that, although she could not recall who poured the alcohol, she was provided with and consumed it in petitioner's presence. This conduct alone constitutes abuse sufficient upon which to adjudicate petitioner as an abusing parent.

West Virginia Code § 49-1-201 defines an "abused child[,]" in part, as

a child whose health or welfare is being harmed or threatened by . . . [a] parent, guardian or custodian who knowingly or intentionally inflicts, attempts to inflict

or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home. Physical injury may include an injury to the child as a result of excessive corporal punishment;

Here, the record overwhelmingly established that petitioner abused the children by knowingly inflicting or attempting to inflict mental or emotional injury upon the child, among other issues. The record shows that petitioner actively consumed alcohol with two children, in addition to other improper behavior. Simply put, the circuit court did not find A.A.-1's testimony concerning her recantation to be credible, especially in light of the evidence establishing that she was being untruthful in her recantation in order to protect her sibling. On the contrary, A.A.-1's friend testified to petitioner's actions consistent with her prior statement to law enforcement, as established by testimony from both the friend and the investigating officer. We have held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Accordingly, we find no error in the circuit court's adjudication of petitioner.[5]

Finally, petitioner argues that the circuit court erred in admitting A.A.-2's medical records into evidence without requiring the DHHR to lay a proper foundation. At trial, the DHHR admitted these records through its employee, to which petitioner objected because the DHHR employee was not the custodian of the records in question. Accordingly, petitioner argued that the records could not be properly authenticated and, therefore, lacked a foundation to be admitted pursuant to exceptions to the rule against hearsay found in Rule 803 of the West Virginia Rules of Evidence. Upon our review, however, we find that, even assuming petitioner is correct that the circuit court erred in admitting the records in question, the admission amounts to harmless error.

In admitting the records in question, the circuit court limited its consideration to dates that medical treatment was received or scheduled. The DHHR employee relied on these documents to show that, although child A.A.-2 had been scheduled for surgery, the resulting

---

[5]In support of petitioner's assignment of error regarding the sufficiency of the evidence at adjudication, he additionally takes issue with several aspects of multiple witnesses' testimony regarding the specifics of his alleged abuse and neglect. This includes his argument that the DHHR failed to prove several factual allegations, such as whether he: served the alcohol in question; "stripped down to his underwear" while drinking with the children; told the mother that if A.A.-1 was older that he would have sex with her; crushed pills for A.A.-1 to snort; and other specific factual allegations. According to petitioner, the DHHR's alleged failure to establish these facts resulted in his adjudication upon insufficient evidence. The Court finds, however, that it is unnecessary to address these additional issues, as petitioner's conduct regarding the children consuming alcohol in his presence is sufficient to support adjudication, as set forth above. Petitioner additionally argues that the evidence establishing medical neglect was insufficient. Again, because the evidence at adjudication regarding petitioner's conduct in permitting children to consume alcohol in his presence is sufficient to support adjudication, it is unnecessary to address this argument on appeal.

4

treatment was not reflected in the records. However, this same evidence was testified to by A.A.-2's speech pathologist, thereby rendering the evidence from the medical records unnecessary. As this Court has recognized, "[m]ost errors, including constitutional ones are subject to harmless error analysis." *State ex rel. Waldron v. Sc*ott, 222 W.Va. 122, 126, 663 S.E.2d 576, 580 (2008) (internal quotations and citation omitted). Here, assuming the circuit court committed an error for purposes of petitioner's argument, it is clear that any alleged error was harmless, since the evidence admitted was duplicative of evidence to which petitioner did not object. As such, we find that petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 27, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis